Walton and Son, being insolvent, confessed a judgment, and procured and suffered their property to be taken on legal process, with intent to give a preference to A. & L. and H. F. This being the case, the section declares, that if the person receiving such preference "had reasonable cause to believe that a fraud on the act was intended or that the debtor was insolvent," that the assignee may recover back the money or property paid or transferred contrary to the act, and that "such creditor"—that is, the creditor receiving such preference, with reasonable cause to believe, etc.—"shall not be allowed to prove his debt in bankruptcy." These creditors, by their agent, had not only reason to believe, but knew, that at the time of giving this preference, Walton and Son were insolvent, and that in so doing they intended a fraud upon the act—that is, intended to evade its provisions by preventing their property from being distributed among their general creditors under it. To these acts or conduct, section 39 attaches certain consequences: First—The preferred creditors may be compelled by the assignee to restore the money or property received under the preference. Second—Such creditors are prohibited from proving their debts in bankruptcy. The first of these provisions is remedial, and furnishes the means whereby the wrong committed in giving and receiving a preference may be corrected. But the second is preventive, and intended to deter creditors from receiving preferences for fear of losing or forfeiting their debts thereby. Of the two it is the more important and more likely to prevent violations or evasions of the act in this respect. The liability to these consequences or penalties arises upon the same facts—the creditors taking a preference contrary to the act—but the right to enforce the one does not depend upon the enforcement of the other. They are distinct and cumulative. The assignee may recover back the money or property without objecting to the proof of debt, or the proof of debt may be excluded where there has been no such recovery.

## Case No. 17,131.

In re WALTON et al.

[1 N. B. R. 557 (Quarto, 154).] [1]

District Court, E. D. Missouri.   1873.

BANKRUPTCY — ASSIGNEE'S LIABILITY FOR RENT.

Where the assignee held a store for the purpose of keeping and storing the goods of the bankrupt until they could be sold, *held*, that the rent for such premises must be paid by the assignee, and charged as part of his expenses.
[Cited in Re Dunham, Case No. 4,145; Re Hufnagel, Id. 6,837.]
[Cited in Abbott v. Stearns, 139 Mass. 169, 29 N. E. 379.]

The property of the bankrupts [Fred B. Walton and others] consisted of the stock and fixtures of a drug store in a building rented from J. E. Barrow, trustee, &c. This stock had been conveyed by the bankrupts, and their conveyance had been declared fraudulent, and the grantee enjoined from interfering with the property in any way. As it was thought best for the interest of all concerned not to remove, but to sell the property on the premises, the possession of the store was retained until after the sale, when it was delivered to the landlord. The landlord presented his petition to the register, asking that the rent of the premises from the date of the provisional injunction until the surrender of the possession, be paid by the assignee as part of his expenses. The petitioning creditors, through the assignee, opposed the petition, claiming that the rent up to the time of the appointment of the assignee should go into the accounts of the marshal as messenger; and of that opinion was the register.

TREAT, District Judge. In this case it appears that this store has been used as a place

---

[1] [Reprinted by permission.]

for the keeping and storing of the goods of the bankrupt until they could be sold by the assignee under the proceedings in bankruptcy; and now objection is made to payment of the rent for the time the premises were thus occupied.

The proceedings in bankruptcy give no authority to the assignee, or the creditors he represents, to use one man's property, without his consent, for the benefit of the estate of the bankrupt. The landlord does not claim to hold the assignee as assignee of the term, but merely asks compensation for the use and occupation of the premises, while they have been actually used for the benefit of the estate, and he is as much entitled to be paid as any warehouseman with whom the assignee or messenger had stored the goods. There is no necessity for dividing up the account, charging part to the expenses of the messenger, and part to those of the assignee. This rent should be paid by the assignee, and be charged as part of his expenses.